UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME HERNANDEZ PEREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CALIFORNIA CITY<br>DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-02660-DAD-DMC (HC)<br><br>ORDER GRANTING THE PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On April 9, 2026, petitioner, proceeding, *pro se*, filed a petition for writ of *habeas corpus* and a motion for temporary restraining order seeking his immediate release from respondent's custody.  (Doc. Nos. 1, 2.)  On the same day, the court issued an order directing respondent to file a written opposition to that motion and directed respondent to indicate whether this case is distinguishable from the circumstances addressed in the court's prior orders in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR, 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026), and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129, at *2 (E.D. Cal. Mar. 20, 2026).  (Doc. No. 5.)  On April 10, 2026, respondent filed its opposition to the pending motion.  (Doc. No. 6.)

/////

1

Therein, respondent concedes that, while petitioner's recent detention appears to be his first encounter with immigration officials, there are no substantive distinctions between this case and the cases identified in the court's order.  (*Id.* at 2.)  Respondent's sole argument in opposition to the pending motion is that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), an argument that the undersigned has previously rejected in several instances.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent has also indicated that it is amenable to the court ruling on the merits of the underlying petition based upon the briefing presently before the court.  (*Id.* at 2.)

Petitioner is a citizen of Guatemala who entered the United States on or about May 21, 2019 and subsequently applied for asylum.  (Doc. No. 1 at ¶¶ 1–3.)  Petitioner alleges that he has no prior criminal history.  (*Id.* at ¶ 7.)  On or about December 31, 2025, petitioner was arrested by immigration and customs enforcement agents while he was walking to work in New Jersey.  (*Id.* at ¶¶ 5–6.)  From the evidence before the court, it appears that petitioner's December 31, 2025 arrest was his first encounter with immigration officials.  Having considered the circumstances surrounding petitioner's detention, the court adopts the reasoning outlined in *Quichimbo-Jimenez*, 2026 WL 679378 at *1–2 and concludes that petitioner cannot be detained pursuant to § 1225(b) but only pursuant to § 1226(a).  Furthermore, as the court concluded in *J.P.C.* and *Cardenas*, because respondent erroneously detained petitioner pursuant to § 1225(b), the appropriate remedy under the circumstances is to order petitioner's immediate release from respondent's custody.

For the reasons above,

1.   Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.   Respondent is ORDERED to immediately release petitioner Jamie Hernandez Perez, A-No. 221-492-282, from respondent's custody;

    b.   Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a);

2.      Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3.      The Clerk of the Court is directed to serve the California City Corrections Center with a copy of this order; and

4.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **April 10, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3